UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ramales Photography LLC,<br>Plaintiff,<br>v.<br>Barvolpe LLC,<br>Defendant. | Case No: |

## COMPLAINT

Plaintiff Ramales Photography LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Barvolpe LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Felipe Ramales ("*Ramales*") created a photograph of American singer and actress Stefani Joanne Angelina Germanotta p/k/a "Lady Gaga," (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates an Instagram account with the name "bar.volpe" (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Ramales Photography LLC is a New York limited liability company and

maintains a principal place of business in Bronx County, New York.

6. Upon information and belief, defendant Barvolpe LLC, is a Massachusetts limited liability company with a principal place of business at 170 West Broadway, Boston in Suffolk County, Massachusetts and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Massachusetts.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

10. Plaintiff is a professional photography company which is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.



SLG SANDERS LAW GROUP

14. On June 28, 2019, Ramales first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

15. In creating the Photograph, Ramales personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

16. On September 25, 2019, the Photograph was registered by the USCO under Registration No. VA 2-171-088.

17. Ramales created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

18. Plaintiff acquired the rights in and to the Photograph from Ramales by way of written assignment.

SLG SANDERS LAW GROUP

**B. Defendant's Infringing Activity**

19. Upon information and belief, Defendant is the registered owner of the Account and is responsible for its content.

20. Upon information and belief, Defendant is the operator of the Account and is responsible for its content.

21. The Account is a key component of Defendant's popular and lucrative commercial enterprise.

22. The Account is monetized in that it promotes Defendant's brick-and-mortar restaurant to the public and, upon information and belief, Defendant profits from these activities.

23. On or about June 2, 2023, Defendant displayed the Photograph on the Account as part of a social media post at URL: https://www.instagram.com/p/Cs9dYXPOAxx/. A copy of a screengrab of the Account including the Photograph is attached hereto as Exhibit 2.

24. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photograph on the Account.

25. The Infringement was first observed on September 5, 2023.

26. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized use set forth above is referred to as the "*Infringement*").

27. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

28. The Infringement is an exact copy of the vast majority of Plaintiff's original image that was directly copied and displayed by Defendant on the Account.

29. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photograph.

30. Upon information and belief, the Photograph was willfully and volitionally posted to the Account by Defendant.

31. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

32. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

33. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to

SLG SANDERS LAW GROUP

exercise such right.

34. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

35. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its business revenues.

36. Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Account.

37. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

38. Defendant's use of the Photograph harmed the actual market for the Photograph.

39. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

40. On December 13, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

41. On March 13, 2024, Plaintiff, via counsel, served a second letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

42. The parties failed to resolve the instant matter, and Plaintiff is now forced to seek judicial intervention to address Defendant's infringing activity.

43. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

44. Plaintiff repeats and incorporates by reference the allegations contained in the



SLG SANDERS · LAW GROUP ·

preceding paragraphs, as though set forth in full herein.

45. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

46. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

47. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

48. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

49. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

50. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Account.

51. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement

SLG SANDERS LAW GROUP

pursuant to 17 U.S.C. § 504(c).

52. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

53. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

54. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

SLG SANDERS LAW GROUP

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: August 18, 2026

**SANDERS LAW GROUP**

By: *<u>/s/ Craig Sanders</u>*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127794

*Attorneys for Plaintiff*

SLG SANDERS LAW GROUP